## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>GREGORY L. HAMBLIN,<br>    Defendant. | CRIMINAL ACTION NO. 5:10-141-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on defendant Gregory Hamblin's motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines (DE 33). The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Hamblin pleaded guilty to one count attempted possession with intent to distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1). (DE 30, Judgment). According to the presentence report, the defendant's Base Offense Level under then-existing U.S.S.G. § 2D1.1 was 18. However, the presentence report provided that Hamblin's prior felony convictions qualified him as a career offender under U.S.S.G. § 4B1.1, with an enhanced offense level of 34. With a three-level reduction for acceptance of responsibility, Hamblin's advisory guideline range, as a career offender, was 188 to 235 months. The Court granted the United States' motion for a downward departure and sentenced the defendant to 94 months of imprisonment (DE 30, Judgment).

Hamblin is not eligible for a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, the career offender guideline range controls if it is greater than the initial advisory guideline range. U.S.S.G. § 4B1.1(b). In this case, the Court calculated Hamblin's sentence based on the career offender guidelines and then departed downward from that range. When a sentencing range is derived from § 4B1.1 and not the Drug Quantity Table in § 2D1.1, Amendment 782 does not apply. *See United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (holding previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Sullivan*, No. 5:14-cr-7-06, 2015 WL 1524089, at *2 (N.D. Ohio Apr. 3, 2015) (finding defendant not eligible for a sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status); *United States v. Nicholson,* No. 3:11–194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2015) (same). Therefore, because Hamblin was sentenced based on the career offender guideline range, **IT IS ORDERED** that his motion for a sentence reduction (DE 33) is **DENIED**.

Dated April 14, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY